Mr. Justice Clayton
delivered the opinion of the court.
This cause will have to be dismissed for want of jurisdiction, according to the repeated decisions of this court. The bond was made payable to the appellee, not to the probate judge, as the statute requires, and we can take no cognizance of it. We have, however, examined the record, and as there is nothing in it which would authorize a reversal of the decree, we thought it might be well to state the reasons why it must stand.
At the December term, 1842, of the probate court of Lafayette, the appellants filed their bill of review, in which they stated, that at the Juñe term, 1842, of said court, the appellee had made a final settlement of his account, as executor. The court rendered a decree at that time, upon the settlemént, in favor of the executor, for the sum of $683,|30. They state that this order, or decree, is erroneous, as is manifest from the account filed by the executor, on which it is founded ; that it is void, for fraud practised in the settlement by the executor, and that testimony had been recently discovered, which would show the error and the fraud. The court permitted the bill of review to be filed, and directed that Smith should be summoned to answer. At the January term, 1843, Smith appeared, and filed his answer, in which he' denied all the allegations of the bill. The court thereupon, at the same term, dismissed the bill of review with costs; and no appeal or exceptionjwas taken at the time.
At the January term, 1844, the appellants filed another bill, in which they set forth all the proceedings on the bill of review. They insist that the decree dismissing the bill of review *260 is erroneous; they therefore pray that the order of dismission be rescinded, the cause be reinstated, and relief granted, according to the prayer of this bill of review. At the same term of the court the bill was dismissed, at the costs of the appellants, from which order an appeal was taken to this court.
We shall not undertake to decide, whether or not it is proper to file a bill of review in the probate court, as we understand that point is to be directly made in this court, in a case of which it has jurisdiction. Nor need we decide whether the order dismissing the bill of review, in January, 1843, was correct or'not, because there is no appeal from that order, nor any attempt to subject it to our revision. It may not be out of place, however, to remark, that there is nothing in the record to show that the order was erroneous, there being no evidence to oppose the answer.
The only matter which is brought under our view is the correctness of the order made at the January term, 1844, from which the appeal was taken. In that no error is perceived. At that time, and in that mode, the court had no power to rescind, or in any way to affect an order made twelve months previously. See Smith v. Hurd, 7 How. 200. Smith v. Berry, 1 S. & M. 321. Planters Bank v. Neely, 7 How. 95.
The cause will be stricken from the docket. The appellants will be entitled to a writ of error, if they choose to prosecute it; but with our present impressions such a course would not, in our opinion, be advisable.
Cause stricken from docket.